## Dingee's Estate

Before Lamorelle, P. J., and Gest, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the following extracts from the adjudication of

LAMORELLE, P. J., auditing judge.—Albert H. Dingee, who died November 9, 1903, inter alia, created a trust of $200,000 for his wife, and at her death the principal was to fall into the residue of the estate. She elected to take against the will.

He gave the residue of his estate, until the expiration of 21 years after the death of his wife and the death of his two children and such grandchildren as were in existence at the time of his death, "in trust to divide the income quarterly into as many parts or shares as at each of said times of quarterly distribution there shall be children of mine then living and children of mine then dead represented by descendants then living, and to subdivide the share falling to each set of descendants of a child of mine dead at each of said times of quarterly distribution amongst them per stirpe, upon the principle of representation, and to pay over to each child and descendant of a dead child who at each of said times shall be found entitled, its share of said income. . . ."

"If any income shall be payable to a descendant of a dead child at any of said times of quarterly distribution, such income shall be paid in such way and manner that the husband or wife of my dead child, as the case may be, shall not in any way manner or form, receive the same or to be allowed to participate directly or indirectly in any benefit therefrom. The income must go to the descendant for its use, exclusive of any possible benefit to said husband or wife.

"To such extent as the income cannot properly be used in and about the maintenance, education and support of the descendants, it shall accumulate. In case of the death of a descendant in whose favor there shall have been any such accumulations of income, before its attainment of its majority, such accumulation in the hands of the Trustees shall be divided at the time of the next quar-

terly distribution of income as though the same had accrued as income during the quarter just ended amongst the parties entitled to take the income upon the quarterly distribution."

When the trust expired, the trustee was directed "to divide the principal of the said trust estate into as many parts or shares as at that time, there shall be children of mine then dead represented by descendants then living and to subdivide the shares falling to each set of descendants of a child of mine then deceased amongst them per stirpes, upon the principle of representation, and to pay over, assign and convey to each descendant of a dead child of mine who shall then be found entitled, its share in fee simple."

Testator left two children to survive him, Blanche D. Conroy and Lester I. Dingee.

Blanche D. Conroy died March 16, 1932, without leaving any issue surviving her.

Lester I. Dingee died February 12, 1932. He had three children, Lester I. Dingee, Jr., Marie Christensen and Albert H. Dingee. The first two named are living. The last one named died in October 1918, and left to survive him a minor daughter, Sara Anne Dingee.

The reason for the filing of the account is the death of Lester I. Dingee and Blanche D. Conroy. . . .

The account shows on page 128 thereof the following item:

"Samuel H. High Exec. of the Will of Lester I. Dingee deceased a/c income accrued to date of death $700," and the petition for distribution asks that Samuel H. High, executor of the will of Lester I. Dingee, deceased, be awarded the decedent's proportion of the income accrued to the date of his death, and an award to the personal representatives of Blanche D. Conroy, deceased, of her proportion of income accrued to the date of her death. The auditing judge strikes out the distribution of $700 of income to the executor of the will of Lester I. Dingee as improper, and he declines to make an award of income accrued and apportioned up to date of the death of the respective cestuis que trustent, because he is of the opinion that distribution at the time directed was to be made exclusively among persons then living.

The provision in the will that the husband or wife of a dead child shall not in any manner, directly or indirectly, receive any portion of the income proves that testator did not intend any portion of the income collected or which accrued during the quarter should be paid to the personal representatives of deceased cestuis que trustent, for if it were the husband of one cestui que trust and the wife of the other cestui que trust would be entitled to receive a portion of the estate. That the testator did not intend distribution to be made to the estate of one deceased is further made plain when we consider the provision to the effect that income not necessary for the maintenance, education, and support of the minor should be accumulated and, in the event the minor died during minority, that it should be paid at the next quarterly distribution to those entitled. See also Waterhouse's Estate, 16 D. & C. 73, and Graham's Estate, 10 D. & C. 695. . . .

*E. Stanley Richardson,* for exceptants; *Ernest Scott,* contra.

GEST, J., March 2, 1934.—According to the will of this testator, the trustee of the residuary estate was directed "to divide the income quarterly into as many parts or shares as at each of said times of quarterly distribution there shall be children of mine then living and children of mine then dead represented by descendants then living, and to subdivide the share falling to each set of descendants of a child of mine dead at each of said times of quarterly

distribution amongst them per stirpe, upon the principle of representation, and to pay over to each child and descendant of a dead child who at each of said times shall be found entitled, its share of said income, subject to the restrictions hereinbefore imposed. If any income shall be payable to a descendant of a dead child at any of said times of quarterly distribution, such income shall be paid in such way and manner that the husband or wife of my dead child, as the case may be, shall not in any way manner or form, receive the same or be allowed to participate directly or indirectly in any benefit therefrom. The income must go to the descendant for its use, exclusive of any possible benefit to said husband or wife. To such extent as the income cannot properly be used.in and about the maintenance, education and support of the descendant, it shall accumulate. In case of the death of a descendant in whose favor there shall have been any such accumulations of income, before its attainment of its majority, such accumulations in the hands of the Trustees shall be divided at the time of the next. quarterly distribution of income as though the same had accrued as income during the quarter just ended amongst the parties entitled to take the income upon the quarterly distribution."

The testator left two children, Lester and Blanche, and the account shows that since 1905, when the trustee received the estate, the income was distributed with substantial regularity, quarterly, upon the twentieth days of January, April, July, and October, which dates may be taken as fixed, in compliance with the will directing a quarterly distribution. Lester died February 12, 1932, leaving issue; Blanche (Conroy) died March 16, 1932, without issue, and the trustee thereupon filed its account.

Two questions arose at the argument: First, whether the personal representatives of the two children, who died between the distribution dates, are entitled to income accrued and apportioned to the date of their deaths; and, second, whether the estates of the deceased children are entitled to share in the income from the date of their deaths or only to the date of the preceding quarterly distribution.

The question is one purely of testamentary construction, and, in our opinion, agreeing with the auditing judge, the testator intended the quarterly distribution to be made exclusively among persons then living. The testator seems to us to have been careful to exclude any question of apportionment of accrued income, and his will was evidently drawn with the assistance of counsel learned in the law. He intended that at each quarterly period the income should be divided between his two children, or, in the event of their deaths, among their descendants who shall "at each of said times be found entitled". And this interpretation is strengthened by the further provisions of the will excluding the husband or wife of a deceased child from any direct or indirect participation in the income, and also that relating to a minor descendant's share to which the auditing judge referred; and it may be further noted that in the third paragraph of his will the testator, in directing a spendthrift trust of the income, said: "Whatever I give is meant to be given for the benefit of the beneficiary, not for the benefit of creditors."

The exceptions are directed to the disallowance of a credit of $700, being a payment on account of income accrued to the date of Lester's death, but the amount actually in dispute involves, as counsel informed us at the argument, a much larger sum, which we cannot in this opinion definitely ascertain, and this should be the subject of further consideration by the auditing judge.

The exceptions are therefore dismissed, and the acount is recommitted to the auditing judge, who will ascertain the proper distribution of the income in accordance with this opinion.